Ruffin, C. J.
 

 The verdiet was rendered for the value of the maintenance of the slave for three years immediately preceding the commencement of the suit, but subject to the point reserved, whether the action was barred by the statute of limitations. Upon that the Court was of opinion for the defendant,.and the verdict was set aside and a nonsuit entered. As it seems to this Court, that opinion was erroneous.
 

 It appears that the plaintiff owned a superannuated slave, whom he was bound in morals and in law to maintain, and that he contracted with the defendant to take, keep and maintain her, so as to exonerate the plaintiff from that charge. As the question is upon, the statute of limitations only, it is to be assumed-that the proper evidence was given in other respects, as, for example, that the defendant would not provide for the negro, but threw her back on the plaintiff’s hands. Upon such a case, we think the recovery right as far back as it goes. The statute runs only from the time an action could have been brought for the sums now recovered, and not from the making of the contract, nor even from a prior breach, if upon such breach a distinct sum would have been recovered and not the sums now in question. The only way, in which this action can be barred, is by holding,, that the contract is strictly for the payment of the sum specified, namely, $200, in case the defendant failed to take or keep the slave ; and that whenever he might thus fail, he would be liable for that sum, neither more nor less, as an a
 
 *331
 
 greed penalty. But we think that is not the proper light in which this transaction is to be viewed. If the agreement were under seal, it might, perhaps, be objected, that it was not an affirmative covenant to do the acts therein mentioned to be done on the part of the defendant, but, strictly, an obligation with collateral conditions. But, it maybe mentioned, even in that case, under the statute, the obligee would substantially have his action from time to -time as 'he sustained damages. But, here, the agreement, though not oral, is in
 
 parol,
 
 and the subject of the more liberal action of as-sumpsit, in which it is to be enforced according to the real meaning of the parties, as gathered from the whole instrument, without so much regard to the form, which the stipulations assumed. We think the plain import of the agreement is, that the defendant will properly maintain this aged woman during her life, and that it is in truth an indemnity to the plaintiff against any loss or expense to be incurred in maintaining her during that period. We need not now say, whether the $200 be not the extent ef the indemnity, as the verdict is only for
 
 ‡75.
 
 But we are clearly of opinion, that upon a breach by the defendant, by merely not providing for the slave, say, for a month or year, whereby the plaintiff was obliged to maintain her, 'the plaintiff could not recover the whole sum of $200, as it is obviously a penalty merely; and it cannot be supposed the parties contracted for it, without regard to the real injury arising out of the defendant’s breach of contract. Suppose the defendant to have maintained the woman five years, and then turned her over on the plaintiff, who kept her a week, when she died $ in that case the defendant would have reason for contending that he was not to pay the penalty, but only the value of the maintenance provided by the plaintiff. So, on the other hand, the plaintiff, upon a breach occurring, was entitled to recover only such damages as had arisen when he brought this action — . And as the obligation of the defendant is a continuing one during the life of the slave, the plaintiff might waive a previous breach, without losing the benefit of the contract altogether. Here, he sued for maintaining the slave from the
 
 *332
 
 time she left the
 
 defendant’s;
 
 and, as to that portion of the lime, which was more than three years before suit, the slat-nte was a bar, but, for what fell within that period, it was . not a bar.
 

 Being of opinion for the plaintiff on the point reserved, it becomes necessary that the Court should also advert to the objections, taken at the trial on the part of the defendant.— Upon both of them we think the decision right.
 

 The contract was not under seal, nor any consideration expressed on its face. It was, therefore, necessary that the true consideration should be and proved. alleged in the declaration
 

 The case of
 
 Robins
 
 v
 
 Love,
 
 3 Hawks, 82, shews that no estoppel arose out of the plaintiff’s deed for the negroes. — . This action is not brought for the price of Daniel, as such, but for damages arising on a contract into which the defendant entered in consideration of the conveyance of that slave.
 

 The judgment must be reversed, the non-suit set aside and judgment for the plaintiff upon the verdict.
 

 Per Curiam. Judgment below reversed and judgment for the plaintiff.